FILED

1  **MARLIN & SALTZMAN, LLP**
   Stanley D. Saltzman, Esq. (SBN 90058)
2  Christina A. Humphrey, Esq. (SBN 226326)
   Leslie H. Joyner, Esq. (SBN 262705)
3  29229 Canwood Street, Suite 208
   Agoura Hills, California  91301
4  Telephone:  (818) 991-8080
   Facsimile:  (818) 991-8081
5  ssaltzman@marlinsaltzman.com
   chumphrey@marlinsaltzman.com
6  ljoyner@marlinsaltzman.com

7  Attorneys for Plaintiff

2013 SEP -6  PM 12: 1.1

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

8              **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11 FRANCIS JANCIK, individually

CASE NO.  SACV13-01387 DOC (RNBx)

12 and on behalf of others similarly
   situated,
13

**CLASS ACTION**

**COMPLAINT FOR:**

14                Plaintiffs,

(1)  VIOLATION OF THE AMERICANS
15                                      WITH DISABILITIES ACT, 42 U.S.C.
                                        §§ 12101, *et seq.*;
16 v.
                                   (2)  VIOLATION OF THE UNRUH
17                                      CIVIL RIGHTS ACT, Cal. Civ. Code
   REDBOX AUTOMATED                     § 51, et seq.;
18 RETAIL, LLC, a Delaware limited
   liability company; VERIZON AND  (3)  VIOLATION OF THE CALIFORNIA
19 REDBOX DIGITAL                       DISABLED PERSONS ACT, Cal.
   ENTERTAINMENT SERVICES,             Civ. Code §§ 54-54.3;
20 LLC, a Delaware limited liability
   company;  and DOES 1 through 10, (4)  VIOLATION OF THE CONSUMER
21 inclusive,                           LEGAL REMEDIES ACT, Cal. Civ.
                                        Code §§ 1750 *et. seq.*;
22
                Defendants.        (5)  VIOLATION OF THE CALIFORNIA
23                                      FALSE ADVERTISING LAW, Cal.
                                        Bus. & Prof. Code §§ 17500, *et seq.*
24
                                   (6)  VIOLATION OF THE CALIFORNIA
25                                      UNFAIR COMPETITION LAW, Cal.
                                        Bus. & Prof. Code §§ 17200, *et seq.*
26

27                                 **DEMAND FOR JURY TRIAL**

28

───────────────────────────────────────────
                    **COMPLAINT**

Plaintiff, FRANCIS JANCIK, on behalf of himself and others similarly situated (hereinafter "Plaintiff" or "Mr. Jancik"), hereby files this Complaint against Defendants REDBOX AUTOMATED RETAIL, LLC a Delaware corporation (hereinafter "Redbox" or "Defendant"); VERIZON AND REDBOX DIGITAL ENTERTAINMENT SERVICES, LLC, a Delaware corporation (hereinafter "Verizon" or "Defendant"); and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants").  Plaintiff is informed and believes, and on the basis of that information and belief alleges, as follows:

## **NATURE OF THE CASE**

1.     This action seeks to put an end to systemic civil rights violations committed by Defendants against deaf and hard of hearing individuals in California and nationwide.  Plaintiff alleges that Defendants have failed to provide equal access to their DVD and Blu-ray (hereafter "DVD") and video streaming services by refusing to make available closed captioned text for the deaf and hard of hearing—a feature that is necessary for such individuals to understand the audio portion of the video content.

2.     This action further seeks to put an end to Defendants' misrepresentations and false statements that their DVD and online video streaming content is closed captioned for the hearing impaired and/or contains English subtitles.

3.     Redbox DVD rentals account for approximately 34% of the DVD rental market nationwide, and Redbox has surpassed 2 billion DVD rentals nationally. Defendant Redbox operates a network of over 42,000 automated video rental kiosks at 34,600 locations, including grocery and convenience stores, mass merchant retailers, drugstores, and restaurants in California and through-out the United States. Among other services, these kiosks allow customers to browse, select, rent and/or purchase DVDs.  Customers also have the option of using Redbox's website to reserve DVDs for pick up at a kiosk location.

4.     "Redbox Instant" offers its subscribers access to over 4,600 subscription titles that can be played through one's computer or television using a Redbox Instant-ready device, including smart phones, tablet computers, Xbox, smart TV, a Blu-ray player, Roku, PC or Mac and four Redbox DVD rentals for $8 a month. Customers, subscribers and non-subscribers alike, can also digitally rent or buy around 4,000 movies for a fee to augment their subscriptions with newer fare. They can additionally use Defendant Verizon's "Redbox Instant" website to reserve DVDs to pick up at one of Defendant Redbox's Kiosk locations.

5.     Approximately 36 million Americans are deaf or hard of hearing. Many of these individuals require closed captioning to meaningfully access the audio component of television and video content.  Just as buildings without ramps bar people who use wheelchairs, video content without captions excludes deaf and hard of hearing individuals. Closed captioning is a viewer activated system that displays text on, for instance, television programming, or DVD movies. (This is different from open captioning, which is automatically displayed for everyone, such as subtitles in foreign language movies.) With closed captioning, deaf and hard of hearing individuals have the opportunity to enjoy movies and television shows by reading the captioned text. With closed captioning, these individuals can also watch videos together with family and friends, whether or not deaf or hard of hearing.

6.     Despite repeated requests by Plaintiff to Defendants to provide DVD and video steaming content with closed captioning, Defendants have failed to do so. By not providing DVD and video streaming content with captioning, Defendants are creating barriers to full integration, independent living, and equal opportunity for persons with disabilities, increasing the sense of isolation and stigma that the Americans with Disabilities Act ("ADA") was meant to redress.

7.     The failure of Defendants to provide equal access to millions of deaf and hard of hearing individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, and

privileges, including "place[s] of exhibition and entertainment," "place[s] of recreation," "sales or rental establishment[s]," and "service establishments." 28 C.F.R. § 36.201(a); 42 U.S.C. §12181(7). Because the kiosks and Defendants' internet websites are "places of public accommodation," denial of equal access violates the ADA. Remedying these violations is critical to the ADA's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiff, on behalf of himself and members of the putative classes and/or subclasses, seeks injunctive and declaratory relief to ensure that deaf and hard of hearing individuals have equal access to Defendants' services.

8.     Furthermore, despite Defendants' failure to provide equal access to deaf and hard of hearing individuals, Defendants have advertised, and continue to falsely advertise, that their video content is closed captioned, when in fact, it is not. Defendants' misrepresentations and false statements appear onscreen at their thousands of kiosk locations in California and nationwide and on their websites. These misrepresentations specifically target disabled persons, the deaf and hearing impaired. Furthermore, at all relevant times, Defendants knew or should have known that their DVD and online video streaming content lacked closed captioning, yet made and continue to make false statements to the contrary. To this day, Defendants have taken no meaningful steps to clear up Plaintiff's and members of the putative classes' confusion based on Defendants' misrepresentations.

## PARTIES

**A.     Plaintiff Francis Jancik**

9.     Plaintiff, Francis Jancik, is an individual over the age of eighteen (18) and is now, and at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California in the County of Orange. Mr. Jancik is deaf and a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

/ / /

10.    Mr. Jancik frequently rents DVDs from Defendant Redbox using Redbox's automated kiosks. In selecting DVDs, Mr. Jancik relies on Redbox's representations that they are closed captioned.  However, and despite Redbox's representations to the contrary, the DVDs Mr. Jancik rents frequently lack closed captioning.  Mr. Jancik is harmed, inter alia, as he is denied equal access to the DVD content, is deceived and suffers economic injury based on not receiving the product or service he paid for.

11.    Mr. Jancik has never subscribed to Defendant Verizon's Redbox Instant service because of its failure to provide closed captioning, despite its representations to the contrary.  He has been harmed, inter alia, by his exclusion from the service, as he feels it is unfair that he has inadequate access, which he believes to be the most competitively priced unlimited viewing option for streaming movies. If Defendant Verizon provided equal access to its Redbox Instant service, Mr. Jancik and other members of the putative classes would subscribe.

**B.    Defendant Redbox Automated Retail, LLC**

12.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Redbox is a Delaware corporation with its principal place of business at 1800 114th Avenue S.E., Bellevue, Washington 98004.  Defendant Redbox operates a network of automated video rental kiosks at grocery and convenience stores, mass merchant retailers, drugstores, and restaurants in California and through-out the United States.  At all times relevant hereto, Defendant Redbox has transacted, and continues to transact, business throughout the State of California, including the Central District.

**C.    Defendant Verizon and Redbox Digital Entertainment Services, LLC**

13.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Verizon is a Delaware corporation with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.  Defendant Verizon operates a nationwide streaming business that offers its subscribers access to over 4,600 on-

demand titles via the internet. At all times relevant hereto, Defendant Verizon has transacted, and continues to transact, business throughout the State of California, including the Central District.

**D.    Defendants, Does 1 through 10, Inclusive**

14.    Does 1 through 10, inclusive, are now, and/or at all times mentioned in this Complaint were, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of  DOES 1 through 10, inclusive, and for that reason, DOES 1 through 10 are sued under such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

**E.    All Defendants**

15.    Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

16.    Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

17.    Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were, members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such harmed Plaintiff and the putative class.

/ / /

18.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## JURISDICTION

19.     This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1331 and Title 42, United States Code, Section 12188 for Plaintiff's claims arising under the American with Disabilities Act, Title 42, United States Code, Section 12101, *et seq*.

20.     This Court has supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367, over Plaintiff's claims under the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51, et. seq.), the Disabled Persons Act (Cal. Civ. Code §§ 54-54.3), the California Consumer Legal Remedies Act, (Cal. Civil Code § 1750, *et. seq*.), the California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et. seq*.) and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et. *seq*.).

## VENUE

21.     Venue for this matter properly lies in the Central District of California under Title 28, United States Code, Sections 1391(b)-(c) and 1441(a).

22.     Defendants Redbox and Verizon are registered to do business in California and have been doing business in California, including in the Central District of California.  Defendant Redbox maintains thousands of video rental kiosks in California, including several hundred in the Central District of California. Defendant Verizon operates its nationwide streaming business on the internet in this District. Defendants are subject to personal jurisdiction in this judicial district as the conduct described herein occurred in whole or in part in this judicial district as

directed toward Plaintiff and the members of the below-described classes and/or subclasses.

## BACKGROUND

**A.     Defendants to Provide Deaf And Hard Of Hearing Individuals With Meaningful Access to Their DVD and/or Video Streaming Content.**

23.     Redbox DVD rentals account for approximately 34% of the DVD rental market nationwide.   Reports estimate Redbox's customers rent 62 million-plus DVDs each month from its more than 42,000 kiosks.  Redbox kiosks are self-service automated machines that allow customers to rent and return DVDs by using a touch screen interface. Redbox also allows customers to reserve DVDs at its kiosks locations via the internet using its website at http://www.redbox.com/.

24.     Redbox Instant by Verizon launched to the public on or around March 14, 2013. Redbox Instant is a subscription-based service offering subscribers access to over 4,600 on demand, streaming titles and four Redbox DVD rentals for $8 a month. Customers (non-subscribers and subscribers alike) can use Verizon's website at http://www.redboxinstant.com/ to reserve movies for rent to pick up at Redbox's kiosks and also to digitally rent or buy digital movies for a fee from Verizon's Redbox Instant rent/buy library of around 4,000 titles.

25.     The overwhelming majority of the content available at Defendants' kiosks and on their websites is not captioned and is therefore inaccessible to Plaintiff and members of the putative classes and/or subclasses.

26.     Defendant Verizon acknowledges as much on its website stating,

We also are continuing to expand the library of movies that have closed captioning available for customers. To find out if a title is close-captioned, just click its poster. If (CC) appears at the end of the synopsis, that title is close-captioned.[1]

---

[1]Redbox Instant By Verizon, Help Center, *Does Redbox Instant by Verizon Offer Closed Captioning (CC)?*, available at:  http://redboxinstant.custhelp.com/app/answers/detail/a_id/224, accessed Aug. 30, 2013.

**COMPLAINT**

27.     Because of the way Defendants' kiosks and websites are set up, it is difficult, if not impossible, to determine the exact percentage of closed captioned content available from Defendants. For example, while customers can search for titles based on whether they are formatted as Blu-Ray disks, DVDs, in high definition or in standard definition, there is no feature that allows customers to search for titles that are closed captioned.

28.     Thus, titles that are captioned are hard to locate because captioned films are not identified in the same manner as non-captioned films.  One must comb through the kiosk touchscreens and/or Defendants' websites and open each movie icon to determine if captions are available.   Since captions are generally not available, this exercise is time consuming and ineffective.

29.     Defendants thus provide accommodations, advantages, facilities, privileges and services to customers that contain access barriers to the deaf and hard of hearing. These barriers deny full and equal access to Plaintiff and members of the putative classes and/or subclasses who would otherwise be able to fully and equally enjoy Defendant's benefits and services.

30.     On September 5, 2013, Plaintiff notified Defendants by mail of the unlawful accessibility barriers at Defendants' kiosks and on their websites and requested that Defendants make their goods and services fully and equally accessible under the law. Defendants have failed and refused to do so.

**B.     <u>Defendants' Misrepresentations And False Statements Regarding Closed Captioning</u>**

31.     Defendants have made, and continue to make, misrepresentations regarding the closed captioning of their DVD and/or video streaming content. Defendants voluntarily represent, advertise and promote that DVD and video streaming content available at their kiosks and on their websites is closed captioned, when, in fact, it is not.

/ / /

1         32.    The photographs below show Defendants' misrepresentations and false

2 statements concerning the DVD, "Assault on Wall Street," provided at Defendants'

3 kiosk locations. The photograph on the left reveals Defendants' representations on

4 the kiosk touchscreen that the DVD is closed captioned (Closed Captioned is both

5 presented in text, and through the use of the symbol: CC) and contains English

6 subtitles. The photograph on the right shows the DVD menu and reveals that the

7 DVD is neither closed captioned, nor does it contain English subtitles.



33.     Defendants make similar misrepresentations and false statements that Defendants' online streaming video contains closed captions when, in fact, its does not.

34.     Defendants' business practice of advertising and marketing their DVD and online video streaming content as closed captioned and/or as containing English subtitles when they are not, constitutes "unfair, deceptive, untrue or misleading advertising" under the California Business and Professions Code, Sections 17200 *et. seq*., and 17500 *et. seq.*

35.     Plaintiff and other reasonable consumers must and do rely on companies such as Defendants' to honestly state the characteristics and particular standards of their goods and services. Defendants intend and know that consumers rely upon their statements made on labels, advertisements and on companies' websites in making their purchase decisions. Such reliance by consumers is reasonable because companies are prohibited from making false or misleading statements on their products' labels under the law.

36.     Defendants' representations that their DVD and online video streaming content is closed captioned and/or as contains English subtitles when they do not are misleading and/or fail to disclose material facts. Defendants knew, or should have known, or were reckless in making their misrepresentations, that their conduct targeted the deaf and hard of hearing, disabled consumers. Defendants knew or should have known that their representations of standards, qualities, characteristics, grade, affirmations of fact, and promises regarding the goods and services were likely to deceive consumers into believing they were purchasing goods and services that had the qualities and attributes, which they did not possess.

37.     Plaintiff has been renting movies from Defendants for over a year. Because Plaintiff is deaf, he relies on closed captioned text to understand the audio portion of the video content.  Thus, Plaintiff's purchases are based upon Defendants' advertisements, labeling and representations including, but not limited to, their

**COMPLAINT**

representations that the movies are closed captioned and/or include English subtitles. Had Plaintiff known the movies he was selecting were not closed captioned and did not contain English subtitles, he would not have rented and/or purchased them. As a result, Plaintiff has lost money and did not receive the product he bargained for.

38.     After renting a number of movies from Defendants, which were advertised and labeled as closed captioned and/or containing English subtitles, only to learn they were not, Plaintiff began calling Defendants and requesting that the false advertising be removed or that the closed captioning and/or English subtitles be added.

39.     Each time Plaintiff called, he was assured that either the false advertising would be removed or the closed captioning would be added. However, despite Defendants' assurance, Defendants took no corrective action.

40.     On or around August 4, 2013, Plaintiff rented the DVD, "The Adventures of Mickey Matson: Copperhead Treasure," from Defendants. The information provided on the touchscreen at the kiosk claimed the DVD was both closed captioned and contained English subtitles. However, when Plaintiff returned home and started the movie, neither closed captioning nor English subtitles were available.

41.     Retaining the services of a video relay interpreter, Plaintiff called Defendants to report the false and misleading advertising. During the call, Defendants assured Plaintiff that wither the false advertising would be removed or the DVD would be replaced with another that in fact contained captions and English subtitles.

42.     Approximately two weeks later, on or around August 17, 2013, Plaintiff noticed that information at Defendants' kiosk claimed the DVD, "The Adventures of Mickey Matson: Copperhead Treasure," was closed captioned and contained English subtitles. Assuming Defendants had replaced the version that lacked captions and subtitles with one that had them, Plaintiff again selected and rented the DVD.

However, upon returning home to watch the DVD, Plaintiff learned that the DVD still lacked captions and subtitles.

43.     The photographs below were taken on or around August 17, 2013, and show Defendants' representations that the DVD was both closed captioned and contained English subtitles.







### CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this suit as a class action on behalf of himself and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).  Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or narrowed.  Plaintiff brings this suit on behalf of a proposed nation-wide class and a

California Sub-Class (collectively "the Classes") defined as follows:

**The Disabled Persons Class**

All deaf or hard of hearing persons residing in the United States who have been or are being denied equal access to Defendants' DVD/Blu-Ray and/or video streaming content during the time period permitted by applicable statutes of limitations and continuing until present.

**The California Disabled Persons Sub-Class**

All deaf or hard of hearing persons residing in the State of California who have been or are being denied equal access to Defendants' DVD/Blu-Ray and/or video streaming content during the time period permitted by applicable statutes of limitations and continuing until present.

**The California False Advertising Class**

All deaf or hard of hearing persons residing in California who rented and/or purchased DVD/Blu-Ray and/or video streaming content from Defendants during the time period permitted by applicable statutes of limitations and continuing until present.

**The California Unfair Competition Law Class**

    a.  All deaf or hard of hearing persons residing in the State of California who have been or are being denied equal access to Defendants' DVD/Blu-Ray and/or video streaming content during the time period permitted by the applicable statute of limitations and continuing until present;

    b.  All deaf or hard of hearing persons residing in California who rented an/or purchased DVD/Blu-Ray and/or video streaming content from Defendants during the time period permitted by the applicable statute of limitations and continuing until present.

/ / /

/ / /

45.   <u>Numerosity</u>: The members of the Classes are so numerous that joinder of all members is impracticable. The Classes are comprised of thousands of consumers throughout the United States and across California.

46.   <u>Commonality</u>: Common questions of law and fact exist as to all members of the Classes. These common questions predominate over the questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

a.  Whether Defendants' kiosk locations are places of public accommodation under the Americans Disabilities Act;

b.  Whether Defendants' websites are places of public accommodation under the Americans Disabilities Act;

c.  Whether, by failing to provide closed captioned content on their DVD and video streaming content,  Defendants have discriminated against the deaf and hard of hearing on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation in violation of the Americans Disabilities Act;

d.  Whether Defendants have failed to provide equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of their business establishments in Violation of the Unruh Civil Rights Act;

e.  Whether Defendants have failed to provide equal access for people with disabilities to the accommodations, advantages, facilities and privileges of places of public accommodation and other places to which the public is invited in violation of the California Disabled Persons Act;

f.  Whether Defendants made representations, expressly or by implication, that their DVD and/or video streaming content

15
**COMPLAINT**

contained closed captions when they did not;

g.  Whether Defendants' conduct constitutes a violation of the California Legal Remedies Act;

h.  Whether Defendants' are liable for additional remedies pursuant to California Civil Code section 1780(b)(1);

i.  Whether Defendants' conduct constitutes a violation of §17500, *et seq.*, of the *Business and Professions Code*;

j.  Whether Defendants' conduct constitutes an unlawful business act or practice within the meaning of *Business and Professions Code* §17200;

k.  Whether Defendants' conduct constitutes an unfair business act or practice within the meaning of *Business and Professions Code* §17200;

l.  Whether Defendants' conduct constitutes a fraudulent business act or practice within the meaning of *Business and Professions Code* §17200;

m.  Whether Plaintiff and members of the Class are entitled to damages, restitution, and other relief.

47.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendants' wrongful conduct.  Plaintiff, like other members of the Classes, were denied equal access and exposed to the same material misrepresentations.  Plaintiff is advancing the same legal theories on behalf of himself and all absent class members.

48.  <u>Adequacy of Representation</u>: Plaintiff's claims are made in a representative capacity on behalf of the other members of the Classes.  Plaintiff has no interests antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the

prosecution of class actions.  Accordingly, Plaintiff is an adequate representative of the proposed Classes and will fairly and adequately protect the interests of the Classes.

49.    Superiority: A class action is superior to other available means for the fair and efficient adjudication of this dispute.    Joinder of all members is impracticable. The damages suffered by each individual member of the Classes likely will be relatively small, especially given the relatively small cost of the DVD rental and streaming services at issue and the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct.  Thus, it would be virtually impossible for members of the Classes individually to effectively redress the wrongs done to them.  Moreover, even if members of the Classes could afford individual actions, it would still not be preferable to class-wide litigation.  The burden of individual litigation on the court system would be significant. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

50.    This suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted, and/or refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendants to:

        a. Discontinue its unfair business practices;

        b. Undertake an immediate public information campaign to inform members of the proposed Classes as to their conduct as alleged in this Complaint; and

        c. Correct any erroneous impression consumers may have obtained concerning the nature, characteristics, or qualities of the DVD rental and streaming services provided by Defendants,  including without

limitation, the placement of corrective marketing, advertising, promoting and labeling, and providing written notice to the public.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### (On Behalf of Plaintiff, the Disabled Person Class and the California Disabled Person Subclass, Against all Defendants)

51.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

52.     Defendant Redbox operates places of public accommodation as defined by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7)(E)-(F), because Redbox DVD kiosks are "sales or rental establishments" and "service establishments."

53.     Defendant Verizon operates places of public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181(7)(C), (I), (E)-(F), because Redbox Instant is a "Place of Exhibition and entertainment," "sales or rental establishment," and "service establishments" and "place of recreation."

54.     Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities. Specifically, it directs that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns… or operates a place of public accommodation.

42 U.S.C. §§ 12101 *et. seq.*

55.      Discrimination under Title III includes the denial of an opportunity for a person who is deaf or hard of hearing to participate in programs or services, or providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(i-iii).

/ / /

56.   Because Defendant Redbox provides captions on only a limited number of its DVDs, via its kiosks, which are places of public accommodation, deaf and hard of hearing individuals do not have full and equal enjoyment of Redbox's goods and services in violation of Title III of the ADA.

57.   Because Defendant Verizon provides captions on only a limited number of its Redbox Instant titles, available through the internet, a place of public accommodation, deaf and hard of hearing individuals do not have "unlimited access" and thus do not have full and equal enjoyment of on demand entertainment in violation of Title III of the ADA.

58.   Defendants, in violation of the auxiliary aids and services provision of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), have failed to make their goods and services fully accessible to deaf and hard of hearing individuals.

59.   Modifying its policies and providing closed captions as auxiliary aids and services to make Defendant Redbox's DVD content accessible to deaf and hard of hearing individuals would not fundamentally alter the nature of Redbox's DVD rental business, nor would it pose an undue burden to this flourishing company.

60.   Likewise, modifying its policies and providing closed captions as auxiliary aids and services to make Defendant Verizon's Redbox Instant video streaming content accessible to deaf and hard of hearing individuals would not fundamentally alter the nature of Verizon's home entertainment business, nor would it pose an undue burden to this burgeoning company.

61.   Defendants' conduct constitutes an ongoing and continuous violation of the law.  Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct.  Unless restrained from doing so, Defendants will continue to so violate the law.  Defendants' conduct has caused, and will continue to cause, Plaintiff and members of the putative class injury.  Plaintiff and members of the putative class have no adequate remedy at law for the injuries they suffer and will continue to suffer. Thus, Plaintiff and the members of the putative class are

1  entitled to injunctive relief.

2      62.   Pursuant to the remedies, procedures, rights set forth in 42 U.S.C.

3  § 12188, Plaintiff prays for judgment as set forth below.

4  <u>**SECOND CAUSE OF ACTION**</u>

5  **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

6  **(On Behalf of Plaintiff and the California Disabled Person Subclass**

7  **Against all Defendants)**

8      63.   Plaintiff hereby incorporates by reference each and every one of the

9  allegations contained in the preceding paragraphs as if the same were fully set forth

10  herein.

11      64.   The California Unruh Civil Rights Act, California Civil Code §§ 51, *et*

12  *seq.*, guarantees equal access for people with disabilities to the accommodations,

13  advantages, facilities, privileges, and services of all business establishments of any

14  kind whatsoever. Defendants are systematically violating the Unruh Civil Rights

15  Act.

16      65.   Defendant Redbox's system of offering DVD rentals to the public

17  through its system of kiosks at thousands of locations throughout California is a

18  "business establishment" within the meaning of the Unruh Civil Rights Act.  Redbox

19  generates hundreds of millions of dollars in revenue from the rental of goods at its

20  kiosks throughout California.  Because Defendant Redbox provides captions on only

21  a limited number of DVDs, the goods, services, advantages, accommodations,

22  facilities, and privileges accorded to other persons by Defendant Redbox are not

23  fully and equally available to deaf and hard of hearing individuals in violation of the

24  Unruh Civil Rights Act.

25      66.   Defendant Verizon's system of offering live streaming video content

26  through the internet is a "business establishment" within the meaning of the Unruh

27  Civil Rights Act.  See National Federation of Blind v. Target Corp., 582 F.Supp.2d

28  1185 (N.D. Cal. 2007) (Unruh Civil Rights Act and California Disabled Persons Act

applied to retailer's website as a business establishment and accommodation, advantage, facility, and privilege of a place of public accommodation.). Because Defendant Verizon provides captions on only a limited number of its Redbox Instant titles, the goods, services, advantages, accommodations, facilities, and privileges accorded to other persons by Defendant Verizon are not fully and equally available to deaf and hard of hearing individuals in violation of the Unruh Civil Rights Act.

67.     Defendants' actions constitute intentional discrimination against Plaintiff and members of the putative class on the basis of disability.  Defendants are aware of the lack of full equal access to the deaf and hard of hearing, yet Defendants have taken no steps to correct the access barriers.

68.     Defendants are additionally violating California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. §§ 12101, *et seq.*, as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

69.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiff and members of the putative class are entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the putative class will continue to suffer irreparable harm.

70.     Plaintiff and members of the putative class are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

71.     Plaintiff and the other members of the putative class also request relief as described below.

/ / /

/ / /

**COMPLAINT**

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**(On Behalf of Plaintiff and the California Disabled Person Subclass,**

**Against all Defendants)**

72.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

73.     The California Disabled Persons Act, California Civil Code §§ 54-54.3, guarantees full and equal access for people with disabilities to all accommodations, advantages, facilities, and privileges of "all places of public accommodation" and "other places to which the general public is invited."

74.     Redbox's thousands of DVD rental kiosks throughout California constitute "places of public accommodation" or "other places to which the general public is invited."  Because Defendant Redbox provides captions on only a limited number of its DVDs, the advantages, facilities, and privileges accorded to other persons by Defendant Redbox are not fully and equally available to deaf and hard of hearing individuals.

75.     Defendant Verizon's live streaming video website constitutes a "place[] of public accommodation" or "other place[] to which the general public is invited." See National Federation of Blind v. Target Corp., 582 F.Supp.2d 1185 (N.D. Cal. 2007) (Unruh Civil Rights Act and California Disabled Persons Act applied to retailer's website as a business establishment and accommodation, advantage, facility, and privilege of a place of public accommodation.). Because Defendant Verizon provides captions on only a limited number of its Redbox Instant titles, the advantages, facilities, and privileges accorded to other persons by Defendant Verizon are not fully and equally available to deaf and hard of hearing individuals.

76.     Defendants are also violating California Civil Code §§ 54-54.3, in that their actions are a violation of the ADA. Any violation of the ADA is also a

1  violation of California Civil Code § 54.1.

2      77.    As a result of Defendants' wrongful conduct, Plaintiff and members of

3  the putative class are entitled to statutory minimum damages under California Civil

4  Code § 54.3 and 55 for each offense.

5      78.    Plaintiff and the other members of the putative class also request relief

6  as described below.

7                          **FOURTH CAUSE OF ACTION**

8             **CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

9         **(On Behalf of Plaintiff and the California False Advertising Class,**

10                         **Against all Defendants)**

11     79.    Plaintiff hereby incorporates by reference each and every one of the

12  allegations contained in the preceding paragraphs as if the same were fully set forth

13  herein.

14     80.    The California Consumers Legal Remedies Act ("CLRA"), California

15  Civil Code §§ 1750, *et seq.*, was designed and enacted "to protect consumers against

16  unfair and deceptive business practices and to provide efficient and economical

17  procedures to secure such protection."   California Civil Code §1760. The CLRA

18  should be liberally construed and applied to promote theses underlying purposes. Id.

19     81.    Defendant Redbox's DVDs and streaming movies are "goods" as

20  defined by the CLRA, California Civil Code § 1761(a).

21     82.    Plaintiff and members of the putative class are "consumers" as defined

22  by the CLRA, California Civil Code § 1761(d).

23     83.    Defendants' conduct as alleged herein constitutes a "transaction" within

24  the meaning of the CLRA, California Civil Code §1761(e).

25     84.    Defendants have engaged in unfair and deceptive practices to the

26  detriment of Plaintiff and members of the putative class.  Plaintiff and members of

27  the putative class have suffered harm as a proximate result of the violations of law

28  and wrongful conduct of Defendants as alleged in this Complaint.

**COMPLAINT**

85.     Defendants have violated and continue to violate, the CLRA in the following respects, among others:

a.  In violation of California Civil Code § 1770(a)(2), Defendants have misrepresented the certification of their DVD and video streaming content as closed captioned:

b.  In violation of California Civil Code § 1770(a)(5), Defendants have represented that their DVD and video streaming content have characteristics, uses and benefits they do not have;

c.  In violation of California Civil Code § 1770(a)(7), Defendants have represented that their DVD and video streaming content are of a particular standard or particular style when they are not; and

d.  In violation of California Civil Code § 1770(a)(9), Defendants have advertised their DVD and video streaming content with an intent not to sell them as advertised.

86.     Defendants' conduct constitutes intentional misrepresentation, deceit, and concealment of a material fact known to Defendants with the intention of thereby depriving Plaintiff and members of the Classes of property or otherwise causing injury.

87.     Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, other consumers will be damaged by their acts and practices in the same way as Plaintiff and members of the putative class have.

88.     Plaintiff and members of the putative class further request this Court to enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged, pursuant to California Civil Code § 1780(a)(2).

89.     Pursuant to California Civil Code §1782, Plaintiff has notified Defendants in writing of the particular violations of  California Civil Code § 1770 of the CLRA and has demanded that Defendants take appropriate actions to remedy the various violations of the CLRA including that Defendants give notice to all affected

consumers of Defendants' intent to act. Plaintiff sent such notice by certified mail to Defendants' principal places of business.

90.    If, within 30 days from the service of the CLRA letter, Defendants fail to repair, replace or otherwise rectify the deceptive practices complained of herein for the putative class, Plaintiff will amend this complaint to seek damages for such deceptive practices pursuant to California Civil Code § 1782 and restitution pursuant to Civil Code § 1780(a)(3).

91.    Defendants' conduct was willful, fraudulent, oppressive and done in wanton disregard for the rights of Plaintiff and members of the putative class. Plaintiff and the putative class should therefore be awarded punitive damages against Defendants, and each of them, in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct.

92.    Because Defendants knew that their conduct was directed at deaf and hard of hearing individuals and have thus caused those individuals, including Plaintiff members of the putative class, substantial damage, Plaintiff and members of the putative class seek additional relief as disabled persons pursuant to California Civil Code § 1780(b).

93.    Plaintiff and members of the putative class also request the Court to award them their costs and reasonable attorney's fees pursuant to Civil Code § 1780(e).

94.    Plaintiff and the other members of the putative class also request relief as described below.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW

### (On Behalf of Plaintiff and the California False Advertising Class,

### Against all Defendants)

95.    Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth

herein.

96.     The California False Advertising Law, California Business & Professions Code §17500, *et seq.*, prohibits the dissemination of false or misleading statements in connection with advertising.

97.     Defendants' conduct, misrepresentations and false statements of material facts alleged in this Complaint constitute false advertising in violation of California Business & Professions Code §17500, *et seq.*

98.     At all times relevant hereto, Defendants' advertising regarding the closed captioning of their DVD and online video streaming content was untrue, misleading and likely to deceive the public and/or has deceived the Plaintiff and consumers.

99.     In making and disseminating the misrepresentations and false statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading.

100.    Defendants engaged in the false and/or misleading advertising, marketing and labeling alleged herein with intent to directly or indirectly induce and deceive deaf and hard of hearing individuals into purchasing or renting their DVDs and online video streaming content.

101.    As alleged in this Complaint, a result of Defendants' misrepresentations and false statements, Plaintiff and members of the Class rented or purchased a product or service that they otherwise would not have rented or purchased. Thus, Plaintiff and members of the class did not receive what they paid for, and Plaintiff and the members of the class have suffered an injury in fact as a result of Defendants' misrepresentations and false statements.

102.    Through these acts, Defendants have been able to reap unjust revenue and profit, and have unfairly acquired money from Plaintiff and the members of the class. Plaintiff requests that this Court restore this money, with interest, and enjoin Defendants from continuing to violate California Business & Professions Code §§

**COMPLAINT**

17500, *et seq.*

103.   Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint.  Accordingly, injunctive relief is appropriate.

104.   Plaintiff and members of the class seek an order requiring Defendants to undertake a public information campaign to inform members of the class of its prior acts or practices.

105.   Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants under California Code of Civil Procedure, Section 1021.5 and other applicable law in part because:

    a.   a successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of representations made concerning Defendants' goods and services;

    b.   this action will result in a significant benefit to consumers or a large class of persons by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

    c.   unless this action is prosecuted, members of a large class of persons will not recover those monies, and many consumers would not be aware that they were victimized by Defendants' wrongful acts and practices;

    d.   unless this action is prosecuted, Defendants will continue to mislead consumers; and

    e.   an award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to each member of the Class, and consumers in general.

106.   Plaintiff and the other members of the putative class also request relief as described below.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

**(On Behalf of Plaintiff and the California Unfair Competition Law Class,**

**Against all Defendants)**

107.   Plaintiff hereby incorporates reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

108.   The California Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined by Business and Professions Code, Section 17200 as including "any unlawful, unfair or fraudulent business act or practice . . . ."

109.   Because it contains no express intent, knowledge, or negligence requirement, the UCL "imposes strict liability." *Searle v. Wyndham International, Inc.*, 102 Cal.App.4th 1327, 1333 (2002); *see also, Community Assisting Recovery, Inc. v. Aegis Security Insurance Co.*, 92 Cal.App.4th 886 (2001); *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App.4th 861, 877 (1999). Nor is it a "'necessary to show that the defendant intended to injure anyone.' [Citation.]" *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 520 (1997).

110.   The unlawful prong of Section 17200 "embrac[es] anything that can properly be called a business practice and that at the same time is forbidden by law." *Rubin v. Green*, 4 Cal.4th 1187, 1200 (1993) (internal quotation marks omitted).  It "borrows violations of other laws and treats them as independently actionable." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837 (2006).

111.   The unfair prong of Section 17200 "provides an independent basis for relief." *Smith v. State Farm Mutual Automobile Insurance Co.,* 93 Cal.App.4th 700, 718 (2001).   "It is not necessary," therefore, "for a business practice to be 'unlawful' in order to be subject to an action under the unfair competition law." *Id.* "In general the 'unfairness' prong 'has been used to enjoin deceptive or sharp practices. . . .' [Citation.]"   *South Bay Chevrolet v. General Motors Acceptance*

*Corp.*, 72 Cal.App.4th 861, 887 (1999).

112.   The fraudulent prong of section 17200 "affords protection against the probability or likelihood as well as the actuality of deception or confusion." *Payne v. United California Bank,* 23 Cal.App.3d 850, 856 (1972).   The test is whether "'members of the public are likely to be deceived.'  [Citation.]" *In re Tobacco II Cases,* 46 Cal.4th 298, 312 (2009).  As the California Supreme Court has explained, "our concern with thwarting unfair trade practices has been such that we have consistently condemned not only those alleged unfair practices which have in fact deceived the victims, but also those which are likely to deceive them." *Fletcher v. Security Pacific National Bank,* 23 Cal.3d 442, 451 (1979).

113.   Within four year preceding the filing of this complaint, Defendants engaged in the following unlawful, unfair and fraudulent business acts and practices, among others:

  a.   Denying deaf and hard of hearing individuals, on the basis of their disability, full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, or accommodations in violation of the ADA, 42 U.S.C. §§ 12101 *et seq.*;

  b.   Denying deaf and hard of hearing individuals, on the basis of their disability, equal access to the accommodations, advantages, facilities, privileges, and services of Defendants' business establishments in violation of the California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*;

  c.   Denying deaf and hard of hearing individuals, on the basis of their disability, equal access to the accommodations, advantages, facilities and privileges of Defendants' places of public accommodation in violation of the California Disabled Persons Act, California Civil Code §§ 54-54.3;

  d.   Engaging in unfair and deceptive business practices in violation of

the California Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*;

e. Engaging in the false and misleading advertising, marketing and labeling of their DVD and video streaming services and content in violation of the California False and Misleading Advertising Law, California Business & Professions Code §17500, *et seq*.;

f. Failing to comply with Federal Communication Commission ("FCC") rules and regulations promulgated under the Twenty-First Century Communications and Video Accessibility Act of 2010;

g. Providing to deaf and hard of hearing individuals goods and services that were not as effective as those provided to others;

h. Creating barriers to full integration, independent living, and equal opportunity for persons with disabilities;

i. Increasing the sense of isolation and stigma that the ADA was meant to redress;

j. Knowingly advertising and labeling their DVD and video streaming content as closed captioned when in fact they were not such that deaf and hard of hearing consumers were in fact and/or likely to be deceived; and

k. Failing to remove the false and misleading statements their DVD and video streaming content as closed captioned.

114. Defendants, through their acts of unfair competition, have been able to reap unjust revenue and profit, and have unfairly acquired money from Plaintiff and the members of the class. As a direct and proximate result of Defendants' unlawful business acts and practices, Plaintiff and members of the class have suffered economic and other injuries.

115. Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint. Accordingly, pursuant to California Business

& Professions Code § 17203, injunctive relief is appropriate and Plaintiff and members of the class seek a Court order enjoining Defendants from continuing to engage in the unlawful, unfair and fraudulent business practices complained of herein.

116.   Plaintiff and members of the class further seek, pursuant to California Business & Professions Code § 17203, full restitution on account of the economic injuries they have suffered, along with disgorgement of ill-gotten gains from Defendants as necessary and according to proof, to restore any and all monies acquired by Defendants by means of the unlawful, unfair and fraudulent business practices complained of herein.

117.   Plaintiff and the Class Members seek appointment of a receiver, as necessary, to oversee said restitution.

118.   Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants under California Code of Civil Procedure, Section 1021.5 and other applicable law in part because:

    a.  a successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of representations made concerning Defendants' goods and services;

    b.  this action will result in a significant benefit to consumers or a large class of persons by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

    c.  unless this action is prosecuted, members of a large class of persons will not recover those monies, and many consumers would not be aware that they were victimized by Defendants' wrongful acts and practices;

///

**COMPLAINT**

d.  unless this action is prosecuted, Defendants will continue to mislead consumers; and

e.  an award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to each member of the Class, and consumers in general.

119.  Plaintiff and the other members of the putative class also request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a.  That this Court assume jurisdiction;

b.  That this Court certify the classes and sub-classes identified herein;

c.  That this Court certify Plaintiff Jancik as a representative of the classes and sub-classes identified herein;

d.  That this Court declare Defendant to be in violation of Title III of the Americans with Disability Act, 42 U.S.C. §§ 12181, et seq., the Unruh Civil Rights Act, Cal. Civ. Code §51, et. seq., and the California Disabled Persons Act, Cal. Civ. Code, § 54, et. seq.

e.  That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein;

f.  That this Court award minimum statutory damages, defined as $4,000 per incident of discrimination under the Unruh and $1,000 per incident under the CDPA, to Plaintiff and members of the proposed class for violations of their civil rights under state law;

g.  That this Court award actual damages in an amount to be determined at trial;

h.  That this Court award general damages in an amount to be determined at trial;

i.  That this Court award punitive damages in an amount to be determined

32

**COMPLAINT**

at trial;

j. That this Court award interest on these sums at the legal rate from the date of each unlawful collection of funds paid to Defendants by Plaintiff and others similarly situated;

k. That this Court award reasonable attorneys' fees and costs pursuant to federal and state law;

l. That this Court award such other and further relief as the Court may deem necessary or appropriate.

DATED: September 5, 2013                MARLIN & SALTZMAN, LLP

By: _____
    Stanley D. Saltzman, Esq.
    Christina A. Humphrey, Esq.
    Leslie H. Joyner, Esq.
    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's and the putative class' claims by jury to the extent authorized by law.

DATED: September 5, 2013                MARLIN & SALTZMAN, LLP

By: _____
    Stanley D. Saltzman, Esq.
    Christina A. Humphrey, Esq.
    Leslie H. Joyner, Esq.
    Attorneys for Plaintiff

**COMPLAINT**