ORIGINAL

FILED

1   **MARLIN & SALTZMAN, LLP**
    Stanley D. Saltzman, Esq. (SBN 90058)
2   Christina A. Humphrey, Esq. (SBN 226326)
    Leslie H. Joyner, Esq. (SBN 262705)
3   29229 Canwood Street, Suite 208
    Agoura Hills, California  91301
4   Telephone:  (818) 991-8080
    Facsimile:   (818) 991-8081
5   ssaltzman@marlinsaltzman.com
    chumphrey@marlinsaltzman.com
6   ljoyner@marlinsaltzman.com

7   Attorneys for Plaintiff

8                **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11  FRANCIS JANCIK, individually        **CASE NO. SACV13-01387-DOC(RNBx)**
12  and on behalf of others similarly
    situated,                           **CLASS ACTION**
13
                                        **SECOND AMENDED COMPLAINT**
14                                      **FOR:**
15            Plaintiffs,
                                        (1)  VIOLATION OF THE AMERICANS
16  v.                                       WITH DISABILITIES ACT, 42 U.S.C.
                                             §§ 12101, *et seq.*;
17                                      (2)  VIOLATION OF THE UNRUH
    REDBOX AUTOMATED                         CIVIL RIGHTS ACT, Cal. Civ. Code
18  RETAIL, LLC, a Delaware limited          § 51, et seq.;
    liability company; VERIZON AND
19  REDBOX DIGITAL                      (3)  VIOLATION OF THE CALIFORNIA
    ENTERTAINMENT SERVICES,                  DISABLED PERSONS ACT, Cal.
20  LLC, a Delaware limited liability        Civ. Code §§ 54-54.3;
    company;  and DOES 1 through 10,
21  inclusive,                          (4)  VIOLATION OF THE CONSUMER
                                             LEGAL REMEDIES ACT, Cal. Civ.
22                                           Code §§ 1750 *et. seq.*;
              Defendants.
23                                      (5)  VIOLATION OF THE CALIFORNIA
                                             FALSE ADVERTISING LAW, Cal.
24                                           Bus. & Prof. Code §§ 17500, *et seq.*
25                                      (6)  VIOLATION OF THE CALIFORNIA
                                             UNFAIR COMPETITION LAW, Cal.
26                                           Bus. & Prof. Code §§ 17200, *et seq.*
27
                                        **DEMAND FOR JURY TRIAL**
28

---

                                        **SECOND AMENDED COMPLAINT**
                                        Case No. SACV13-01387-DOC(RNBx)

Plaintiff, FRANCIS JANCIK, on behalf of himself and others similarly situated (hereinafter "Plaintiff" or "Mr. Jancik"), hereby files this Complaint against Defendants REDBOX AUTOMATED RETAIL, LLC a Delaware corporation (hereinafter "Redbox" or "Defendant"); VERIZON AND REDBOX DIGITAL ENTERTAINMENT SERVICES, LLC, a Delaware corporation (hereinafter "Verizon" or "Defendant"); and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief alleges, as follows:

## NATURE OF THE CASE

1.     This action seeks to put an end to systemic civil rights violations committed by Defendants against deaf and hard of hearing individuals in California and nationwide. Plaintiff alleges that Defendants have failed to provide equal access to their DVD and Blu-ray (hereafter "DVD") and video streaming services by refusing to make available closed captioned text for the deaf and hard of hearing—a feature that is necessary for such individuals to understand the audio portion of the video content.

2.     This action further seeks to put an end to Defendants' misrepresentations and false statements that their DVD and online video streaming content is closed captioned for the hearing impaired and/or contains English subtitles.

3.     Redbox DVD rentals account for approximately 34% of the DVD rental market nationwide, and Redbox has surpassed 2 billion DVD rentals nationally. Defendant Redbox operates a network of over 42,000 automated video rental kiosks at 34,600 locations, including grocery and convenience stores, mass merchant retailers, drugstores, and restaurants in California and through-out the United States. Among other services, these kiosks allow customers to browse, select, rent and/or purchase DVDs. Customers also have the option of using Redbox's website to reserve DVDs for pick up at a kiosk location.

2

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

4.     "Redbox Instant" is a service offered by Defendant Redbox and Defendant Verizon as part of a joint venture between Defendant Redbox and Verizon Communications, Inc.

5.     Through Defendants' website, www.redboxinstant.com, consumers are provided immediate access to new-release DVD movie rentals through Redbox kiosks nationwide and instant access to popular entertainment content using the devices they prefer with a "Redbox Instant" subscription and video on-demand streaming service for $8.00 per month.[1] All consumers, both subscribers and non-subscribers alike, can also use Defendants' website to select new releases available for purchase or rental, or reserve DVDs to pick up at one of Defendant Redbox's kiosk locations.[2]

6.     Approximately 36 million Americans are deaf or hard of hearing. Many of these individuals require closed captioning to meaningfully access the audio component of television and video content.  Just as buildings without ramps bar people who use wheelchairs, video content without captions excludes deaf and hard of hearing individuals. Closed captioning is a viewer activated system that displays text on, for instance, television programming, or DVD movies. (This is different from open captioning, which is automatically displayed for everyone, such as subtitles in foreign language movies.) With closed captioning, deaf and hard of hearing individuals have the opportunity to enjoy movies and television shows by reading the captioned text. With closed captioning, these individuals can also watch videos together with family and friends, whether or not deaf or hard of hearing.

7.     Despite repeated requests by Plaintiff to Defendants to provide DVD and video steaming content with closed captioning, Defendants have failed to do so. By not providing DVD and video streaming content with captioning, Defendants are creating barriers to full integration, independent living, and equal opportunity for

---

[1] See http://about.redboxinstant.com/learn/about-redbox-instant-by-verizon/, accessed December 21, 2013.
[2] Press release dated December 12, 2012, Redbox Instant by Verizon Unveils Details of Disc + Digital Move Service, available online at http://about.redboxinstant.com/media/partnership-press-release, accessed December 21, 2013.

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

persons with disabilities, increasing the sense of isolation and stigma that the Americans with Disabilities Act ("ADA") was meant to redress.

8.     The failure of Defendants to provide equal access to millions of deaf and hard of hearing individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, and privileges, including "place[s] of exhibition and entertainment," "place[s] of recreation," "sales or rental establishment[s]," and "service establishments." 28 C.F.R. § 36.201(a); 42 U.S.C. §12181(7).  Because the kiosks and Defendants' internet websites are "places of public accommodation," denial of equal access violates the ADA.  Remedying these violations is critical to the ADA's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiff, on behalf of himself and members of the putative classes and/or subclasses, seeks injunctive and declaratory relief to ensure that deaf and hard of hearing individuals have equal access to Defendants' services.

9.     Furthermore, despite Defendants' failure to provide equal access to deaf and hard of hearing individuals, Defendants have advertised, and continue to falsely advertise, that their video content is closed captioned and/or contains English subtitles, when in fact, it is not. Defendants' misrepresentations and false statements appear onscreen at their thousands of kiosk locations in California and nationwide and on their websites. These misrepresentations specifically target disabled persons, the deaf and hearing impaired.  Furthermore, at all relevant times, Defendants knew or should have known that their DVD and online video streaming content lacked closed captioning and/or English subtitles, yet made and continue to make false statements to the contrary.  To this day, Defendants have taken no meaningful steps to clear up Plaintiff's and members of the putative classes' confusion based on Defendants' misrepresentations.

/ / /

/ / /

4

# PARTIES

**A.    Plaintiff Francis Jancik**

10.    Plaintiff, Francis Jancik, is an individual over the age of eighteen (18) and is now, and at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California in the County of Orange. Mr. Jancik is deaf and a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

11.    Mr. Jancik frequently rents DVDs from Defendant Redbox using Redbox's automated kiosks. In selecting DVDs, Mr. Jancik relies on Redbox's representations that they are closed captioned and/or contain English subtitles. However, and despite Redbox's representations to the contrary, the DVDs Mr. Jancik rents frequently lack closed captioning and/or English subtitles. Mr. Jancik is harmed, inter alia, as he is denied equal access to the DVD content, is deceived and suffers economic injury based on not receiving the product or service he paid for.

12.    Mr. Jancik has visited Defendant Verizon's website and is aware of the limited availability streaming videos that are closed captioned. As a deaf individual, Mr. Jancik is unable to enjoy streaming videos absent closed captioning. As a result of Defendant's failure to provide closed captioning, Plaintiff was and at all times relevant has remained deterred from patronage of Defendant Verizon's services. Accordingly, Plaintiff has never subscribed to Defendant Verizon's Redbox Instant service. He has been harmed, inter alia, by his exclusion from the service, as he feels it is unfair that he has inadequate access, which he believes to be the most competitively priced unlimited viewing option for streaming movies. If Defendant Verizon provided equal access to its Redbox Instant service, Mr. Jancik and other members of the putative classes would subscribe.

**B.    Defendant Redbox Automated Retail, LLC**

13.    Plaintiff is informed and believes, and based thereon alleges, that

5

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

1   Defendant Redbox is a Delaware corporation with its principal place of business at
2   1800 114th Avenue S.E., Bellevue, Washington 98004.  Defendant Redbox operates
3   a network of automated video rental kiosks at grocery and convenience stores, mass
4   merchant retailers, drugstores, and restaurants in California and through-out the
5   United States.  At all times relevant hereto, Defendant Redbox has transacted, and
6   continues to transact, business throughout the State of California, including the
7   Central District.

8   **C.**     **Defendant Verizon and Redbox Digital Entertainment Services, LLC**

9          14.    Plaintiff is informed and believes, and based thereon alleges, that
10  Defendant Verizon is a Delaware corporation with its principal place of business at
11  One Verizon Way, Basking Ridge, New Jersey 07920.  Defendant Verizon operates
12  a nationwide streaming business that offers its subscribers access to over 4,600 on-
13  demand titles via the internet. At all times relevant hereto, Defendant Verizon has
14  transacted, and continues to transact, business throughout the State of California,
15  including the Central District.

16  **D.**     **Defendants, Does 1 through 10, Inclusive**

17         15.    Does 1 through 10, inclusive, are now, and/or at all times mentioned in
18  this Complaint were, licensed to do business and/or actually doing business in the
19  State of California. Plaintiff does not know the true names or capacities, whether
20  individual, partner, or corporate, of DOES 1 through 10, inclusive, and for that
21  reason, DOES 1 through 10 are sued under such fictitious names.  Plaintiff will seek
22  leave of court to amend this Second Amended Complaint ("SAC") to allege such
23  names and capacities as soon as they are ascertained.

24  **E.**     **All Defendants**

25         16.    Plaintiff is informed and believes, and based upon such information and
26  belief alleges, that Defendants, and each of them, are now and/or at all times
27  mentioned in this SAC were in some manner legally responsible for the events,
28  happenings and circumstances alleged in this SAC.

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

17.     Plaintiff is informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this SAC.

18.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this SAC were, members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such harmed Plaintiff and the putative class.

19.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this SAC, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this SAC.

## JURISDICTION

20.     This Court has subject matter jurisdiction pursuant to Title 28, United States Code, Section 1331 and Title 42, United States Code, Section 12188 for Plaintiff's claims arising under the American with Disabilities Act, Title 42, United States Code, Section 12101, *et seq.*

21.     This Court has supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367, over Plaintiff's claims under the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51, et. seq.), the Disabled Persons Act (Cal. Civ. Code §§ 54-54.3), the California Consumer Legal Remedies Act, (Cal. Civ. Code § 1750, *et. seq.*), the California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et. seq.*) and the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et. *seq.*).

7

## VENUE

22.    Venue for this matter properly lies in the Central District of California under Title 28, United States Code, Sections 1391(b)-(c) and 1441(a).

23.    Defendants Redbox and Verizon are registered to do business in California and have been doing business in California, including in the Central District. Defendant Redbox maintains thousands of video rental kiosks in California, including several hundred in the Central District of California.  Defendant Verizon operates its nationwide streaming business on the internet in this District. Defendants are subject to personal jurisdiction in this judicial district as the conduct described herein occurred in whole or in part in this judicial district as directed toward Plaintiff and the members of the below-described classes and/or subclasses.

## BACKGROUND

**A.    Defendants' Failure to Provide Deaf And Hard Of Hearing Individuals With Meaningful Access to Their DVD and/or Video Streaming Content.**

24.    Redbox DVD rentals account for approximately 34% of the DVD rental market nationwide.   Reports estimate Redbox's customers rent 62 million-plus DVDs each month from its more than 42,000 kiosks.  Redbox kiosks are self-service automated machines that allow customers to rent and return DVDs by using a touch screen interface.  Redbox also allows customers to reserve DVDs at its kiosks locations via the internet using its website at http://www.redbox.com/.

25.    "Redbox Instant" offers consumers  "a high value subscription package that combines unlimited streaming of thousands of popular movies, including titles from premium network EPIX, with four one-night credits per month for the latest movie releases on DVD at Redbox kiosks."[3]   In addition, all consumers, both subscribers and non-subscribers alike, can use Defendants' website to select new

---

[3] Press release dated December 12, 2012, Redbox Instant by Verizon Unveils Details of Disc + Digital Move Service, available online at http://about.redboxinstant.com/media/partnership-press-release, accessed December 21, 2013.

8

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

releases available for purchase or rental or reserve DVDs to pick up at one of Defendant Redbox's kiosk locations.

26.     Therefore, by subscribing to redboxinstant.com, customers are provided with four coupons a month for DVD rentals which can only be used and redeemed and the physical kiosks locations. Redboxinstant.com also allows customers of Defendant Redbox and/or Defendant Verizon to perform functions related to the "brick and mortar" kiosk locations.  For example, through redboxinstant.com, com, consumers can browse through movies and other items available at the kiosk locations, find the locations nearest to them and check on the availability of a particular movie at kiosk locations nearby and reserve a DVD title to pick up at kiosk location.

27.     In addition, "Redbox Instant" subscribers can log into their accounts using Defendants' redboxinstant.com website to check on the number of credits they have available.  These credits can only be redeemed at the physical kiosk locations; they cannot be used for streaming rental on the reboxinstant.com website.

28.     The overwhelming majority of the content available at Defendants' kiosks and on their websites is not closed captioned and is therefore inaccessible to Plaintiff and members of the putative classes and/or subclasses.

29.     Defendants acknowledge as much on their redboxinstant.com website stating,

> We also are continuing to expand the library of movies that have closed captioning available for customers. To find out if a title is close-captioned, just click its poster. If (CC) appears at the end of the synopsis, that title is close-captioned.[4]

30.     Because of the way Defendants' kiosks and websites are set up, it is difficult, if not impossible, to determine the exact percentage of closed captioned content available from Defendants. For example, while customers can search for

---

[4]Redbox Instant By Verizon, Help Center, *Does Redbox Instant by Verizon Offer Closed Captioning (CC)?*, available at:  http://redboxinstant.custhelp.com/app/answers/detail/a_id/224, accessed Aug. 30, 2013.

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

titles based on whether they are formatted as Blu-Ray disks, DVDs, in high definition or in standard definition, there is no feature that allows customers to search for titles that are closed captioned.

31.    In addition, titles that are closed captioned are hard to locate because captioned films are not identified in the same manner as non-captioned films.  One must comb through the kiosk touchscreens and/or Defendants' websites and open each movie icon to determine if closed captioning is available.  Since closed captions are generally not available, this exercise is time consuming and ineffective.

32.    Defendants therefore have designed, constructed, implemented and maintained policies, practices, procedures that provide accommodations, advantages, facilities, privileges and services to customers that contain access barriers to the deaf and hard of hearing. In so doing, Defendants' conduct specifically target and discriminate against Plaintiff and other deaf and hard of hearing individuals.  These barriers deny full and equal access to Plaintiff and other deaf and hard of hearing individuals who would otherwise be able to fully and equally enjoy Defendant's benefits and services.

33.    Over the course of the past year,[5] Plaintiff repeatedly notified Defendants of the unlawful accessibility barriers related to Defendants' goods and services. Plaintiff further repeatedly requested that Defendants make closed captioned video content available in order to accommodate his disability and afford him full and equal access under the law. Plaintiff alleges his requests for accommodation, the provision of closed captioned video content, imposes no undue financial or administrative burden on Defendants.  Nevertheless, Defendants have failed and refused to accommodate Plaintiff. As a result, Plaintiff is effectively excluded from the benefits of the goods, services, privileges and advantages offered by Defendants.

---

[5] Among others, Plaintiff provided notice to Defendant on August 4, 2013.

10

34.     In failing and refusing to make reasonable and necessary modifications to their policies, procedures and practices, Defendant wrongfully and unlawfully denied Plaintiff, and other deaf and hard of hearing individuals, with equal access to the benefits of the goods, services, privileges and advantages offered by Defendants with the knowledge of the effect of on disabled persons.

**B.     Defendants' Misrepresentations And False Statements Regarding Closed Captioning and/or availability of English Subtitles**

35.     Defendants have made, and continue to make, misrepresentations regarding the closed captioning and/or availability of English subtitles related to their DVD and/or video streaming content.   Defendants voluntarily represent, advertise and promote that DVD and video streaming content available at their kiosks and on their websites is closed captioned and/or contains English subtitles, when, in fact, it is not.

36.     The photographs below show Defendants' misrepresentations and false statements concerning the DVD, "Assault on Wall Street," provided at Defendants' kiosk locations. The photograph on the left reveals Defendants' representations on the kiosk touchscreen that the DVD is closed captioned (Closed Captioned is both presented in text, and through the use of the symbol: CC) and contains English subtitles. The photograph on the right shows the DVD menu and reveals that the DVD is neither closed captioned, nor does it contain English subtitles.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

11

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

37.   Defendants make similar misrepresentations and false statements that Defendants' streaming videos contain closed captions and/or English subtitles when, in fact, they do not.

38.   Defendants' business practice of advertising and marketing their DVD and online video streaming content as containing closed captions and/or English subtitles when they do not, constitutes "unfair, deceptive, untrue or misleading

12

1    advertising" under the California Business and Professions Code, Sections 17200 *et.*
2    *seq.*, and 17500 *et. seq.*

3        39.    Plaintiff and other reasonable consumers must and do rely on
4    companies such as Defendants' to honestly state the characteristics and particular
5    standards of their goods and services. Defendants intend and know that consumers
6    rely upon their statements made on labels, advertisements and on their websites in
7    making their purchase decisions. Such reliance by consumers is reasonable because
8    companies are prohibited from making false or misleading statements on their
9    products' labels under the law.

10       40.    Defendants' representations that their DVD and online video streaming
11   content contains closed captions and/or English subtitles when they do not, are
12   misleading and/or fail to disclose material facts. Defendants knew, or should have
13   known, or were reckless in making their misrepresentations, that their conduct
14   targeted disabled consumers, the deaf and hard of hearing. Defendants knew or
15   should have known that their representations of standards, qualities, characteristics,
16   grade, affirmations of fact, and promises regarding the goods and services were
17   likely to deceive consumers and disabled consumers in particular into believing they
18   were purchasing goods and services that had the qualities and attributes, which they
19   did not possess.

20       41.    Plaintiff has been renting movies from Defendants for over a year.
21   Because Plaintiff is deaf, he relies on closed captioned text and/or English subtitles
22   to understand the audio portion of the video content. Thus, Plaintiff's purchases are
23   based upon Defendants' advertisements, labeling and representations including, but
24   not limited to, their representations that the movies are closed captioned and/or
25   contain English subtitles. Had Plaintiff known the movies he was selecting were not
26   closed captioned and did not contain English subtitles, he would not have rented
27   and/or purchased them. As a result, Plaintiff has lost money and did not receive the
28   product he bargained for.

13

42.     After renting a number of movies from Defendants, which were advertised and labeled as closed captioned and/or containing English subtitles, only to learn they were not, Plaintiff began calling Defendants and requesting that the false advertising be removed and that the closed captioning and/or English subtitles be added.

43.     Each time Plaintiff called, he was assured that either the false advertising would be removed or the closed captioning would be added.  However, despite Defendants' assurance, Defendants took no corrective action.

44.     On or around August 4, 2013, Plaintiff rented the DVD, "The Adventures of Mickey Matson: Copperhead Treasure," from Defendants.  The information provided on the touchscreen at the kiosk claimed the DVD was both closed captioned and contained English subtitles.  However, when Plaintiff returned home and started the movie, neither closed captioning nor English subtitles were available.

45.     Retaining the services of a video relay interpreter, Plaintiff called Defendants to report the false and misleading advertising.  During the call, Defendants assured Plaintiff that either the false advertising would be removed or the DVD would be replaced with another that in fact contained captions and/or English subtitles.

46.     Approximately two weeks later, on or around August 17, 2013, Plaintiff noticed that information at Defendants' kiosk claimed the DVD, "The Adventures of Mickey Matson: Copperhead Treasure," was closed captioned and contained English subtitles. Assuming Defendants had replaced the prior version that lacked captions and subtitles with one that had them, Plaintiff again selected and rented the DVD. However, upon returning home to watch the DVD, Plaintiff learned that the DVD still lacked captions and subtitles.

/ / /

/ / /

14

47.    The photographs below were taken on or around August 17, 2013, and show Defendants' representations that the DVD was both closed captioned and contained English subtitles.



## CLASS ACTION ALLEGATIONS

48.    Plaintiff brings this suit as a class action on behalf of himself and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).  Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or

SECOND AMENDED COMPLAINT
Case No. SACV13-01387-DOC(RNBx)

narrowed.  Plaintiff brings this suit on behalf of a proposed nation-wide class and a California Sub-Class (collectively "the Classes") defined as follows:

**The Disabled Persons Class**

All deaf or hard of hearing persons residing in the United States during the time period permitted by applicable statutes of limitations and continuing until present.

**The California Disabled Persons Sub-Class**

All deaf or hard of hearing persons residing in the State of California during the time period permitted by applicable statutes of limitations and continuing until present.

**The California False Advertising Class**

All deaf or hard of hearing persons residing in California who rented and/or purchased DVD/Blu-Ray and/or video streaming content from Defendants during the time period permitted by applicable statutes of limitations and continuing until present which Defendant represented to have closed captioning and/or English subtitles but which did not actually provide these features.

**The California Unfair Competition Law Class**

    a. All deaf or hard of hearing persons residing in the State of California who have been or are being denied equal access to Defendants' DVD/Blu-Ray and/or video streaming content during the time period permitted by the applicable statute of limitations and continuing until present;

    b. All deaf or hard of hearing persons residing in California who rented an/or purchased DVD/Blu-Ray and/or video streaming content from Defendants during the time period permitted by the applicable statute of limitations and continuing until present which Defendant represented to have closed captioning but which did not actually

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

1    provide this feature.

2    49.   Numerosity: The members of the Classes are so numerous that joinder
3    of all members is impracticable. The Classes are comprised of thousands of
4    consumers throughout the United States and across California.

5    50.   Commonality: Common questions of law and fact exist as to all
6    members of the Classes. These common questions predominate over the questions
7    affecting only individual members of the Classes. These common legal and factual
8    questions include, but are not limited to, the following:

9        a. Whether Defendants' kiosk locations are places of public
10          accommodation under the Americans Disabilities Act;

11       b. Whether Defendants' websites are places of public accommodation
12          under the Americans Disabilities Act;

13       c. Whether, by failing to provide closed captioned content on their
14          DVD and video streaming content, Defendants have discriminated
15          against the deaf and hard of hearing on the basis of disability in the
16          full and equal enjoyment of the goods, services, facilities, privileges,
17          advantages, or accommodations of places of public accommodation
18          in violation of the Americans Disabilities Act;

19       d. Whether Defendants have failed to provide equal access for people
20          with disabilities to the accommodations, advantages, facilities,
21          privileges, and services of their business establishments in Violation
22          of the Unruh Civil Rights Act;

23       e. Whether Defendants have failed to provide equal access for people
24          with disabilities to the accommodations, advantages, facilities and
25          privileges of places of public accommodation and other places to
26          which the public is invited in violation of the California Disabled
27          Persons Act;

28       f. Whether Defendants made representations, expressly or by

17

SECOND AMENDED COMPLAINT
Case No. SACV13-01387-DOC(RNBx)

implication, that their DVD and/or video streaming content contained closed captions when they did not;

g. Whether Defendants made representations, expressly or by implication, that their DVD and/or video streaming content contained English subtitles when they did not;

h. Whether Defendants' conduct constitutes a violation of the California Legal Remedies Act;

i. Whether Defendants' are liable for additional remedies pursuant to California Civil Code section 1780(b)(1);

j. Whether Defendants' conduct constitutes a violation of §17500, *et seq.*, of the *Business and Professions Code*;

k. Whether Defendants' conduct constitutes an unlawful business act or practice within the meaning of *Business and Professions Code* §17200;

l. Whether Defendants' conduct constitutes an unfair business act or practice within the meaning of *Business and Professions Code* §17200;

m. Whether Defendants' conduct constitutes a fraudulent business act or practice within the meaning of *Business and Professions Code* §17200;

n. Whether Plaintiff and members of the Class are entitled to damages, restitution, and other relief.

51. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Classes, were denied equal access and exposed to the same material misrepresentations. Plaintiff is advancing the same legal theories on behalf of himself and all absent class members.

52. <u>Adequacy of Representation</u>: Plaintiff's claims are made in a

18

representative capacity on behalf of the other members of the Classes.  Plaintiff has no interests antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions.  Accordingly, Plaintiff is an adequate representative of the proposed Classes and will fairly and adequately protect the interests of the Classes.

53.     Superiority: A class action is superior to other available means for the fair and efficient adjudication of this dispute.    Joinder of all members is impracticable. The damages suffered by each individual member of the Classes likely will be relatively small, especially given the relatively small cost of the DVD rental and streaming services at issue and the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct.  Thus, it would be virtually impossible for members of the Classes individually to effectively redress the wrongs done to them.  Moreover, even if members of the Classes could afford individual actions, it would still not be preferable to class-wide litigation.  The burden of individual litigation on the court system would be significant. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

54.     This suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted, and/or refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendants to:

                a. Discontinue its unfair business practices;

                b. Undertake an immediate public information campaign to inform members of the proposed Classes as to their conduct as alleged in

19

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

this Complaint; and

c.  Correct any erroneous impression consumers may have obtained concerning the nature, characteristics, or qualities of the DVD rental and streaming services provided by Defendants,  including without limitation, the placement of corrective marketing, advertising, promoting and labeling, and providing written notice to the public.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

**(On Behalf of Plaintiff, the Disabled Person Class and the California Disabled Person Subclass, Against all Defendants)**

55.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

56.   Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities. Specifically, it directs that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns... or operates a place of public accommodation.

42 U.S.C. §§ 12101 *et. seq.*

57.   Plaintiff is deaf and is therefore disabled and a member of a protected class under the ADA.

58.   Defendant Redbox operates places of public accommodation as defined by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7)(E)-(F), because Redbox DVD kiosks are "sales or rental establishments" and "service establishments."

59.   Defendant Verizon operates places of public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181(7)(C), (I), (E)-(F), because "Redbox Instant" is a "place of exhibition and entertainment," "sales or rental establishment,"

20

"service establishment" and "place of recreation." Moreover, Defendant Verizon's website provides DVD and streaming video rental services for both Defendant Redbox and Defendant Verizon.  As described above, redboxinstant.com allows customers to perform functions related to the physical kiosk locations, including, among others, browsing through DVD titles, finding  nearby kiosk locations, confirming availability of and reserving DVD titles to pick up at kiosk locations and providing coupons which can only be redeemed at kiosk locations.

60.     Title III prohibits places of public accommodation from denying disabled individuals "the opportunity ... to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity" and from providing service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(i-iii).

61.     Defendants have discriminated against Plaintiff and other deaf and hard of hearing individuals by denying them the opportunity to participate programs or services and by providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(i-iii).

62.     Because Plaintiff is deaf, he relies on closed captioning to enjoy DVDs. Defendant Redbox is Plaintiff's preferred DVD rental service because of its convenient and inexpensive DVD rental terms and because of the proximity of a several of its rental establishments to Plaintiff's home. Therefore, Plaintiff frequently attempts to rent closed captioned DVDs from Defendant Redbox. However, because Defendant Redbox provides closed captions on only a limited number of its DVD titles, Plaintiff does not have full and equal enjoyment of Defendant Redbox's DVD rental service, in violation of Title III of the ADA. Further, because Plaintiff relies on Defendant Redbox for DVD rental services, Plaintiff will continue to suffer this unequal access.

63.     Defendant Verizon offers what Plaintiff believes to be the most competitively priced unlimited viewing option for streaming movies. However,

21

1  because Plaintiff is deaf, he is only able to fully enjoy video streaming services with

2  closed captions.  Plaintiff has visited Defendant Verizon's website and is aware that

3  closed captions are provided on only a limited number of its streaming titles and

4  DVDs. Therefore, Defendant Verizon does not offer Plaintiff the same "unlimited

5  access" or full and equal enjoyment it offers hearing individuals, in violation of Title

6  III of the ADA. As a result, of this unequal access based on Plaintiff's disability,

7  Plaintiff has been and remains deterred from patronizing Defendant Verizon's rental

8  service.

9       64.    Discrimination under Title III also includes the "failure to make

10  reasonable  modifications  in  policies,  practices,  or  procedures,  when  such

11  modifications are necessary to afford such goods, services, facilities, privileges,

12  advantages, or accommodations to individuals with disabilities, unless the entity can

13  demonstrate that making such modifications would fundamentally alter the nature of

14  such goods, services, facilities, privileges, advantages, or accommodations." *Id.*

15  § 12182(b)(2)(A)(ii).

16       65.    Modifying its policies and providing closed captions as auxiliary aids

17  and services to make Defendant Redbox's DVDs accessible to Plaintiff and other

18  deaf and hard of hearing individuals is reasonable and would not fundamentally alter

19  the nature of Redbox's DVD rental business, nor would it pose an undue burden to

20  this flourishing company.

21       66.    Likewise, modifying its policies and providing closed captions as

22  auxiliary aids and services to make Defendant Verizon's Redbox Instant video

23  streaming accessible to Plaintiff and other deaf and hard of hearing individuals is

24  reasonable  would  not  fundamentally  alter  the  nature  of  Verizon's  home

25  entertainment business, nor would it pose an undue burden to this burgeoning

26  company.

27       67.    Unless Defendants provide closed captions, Plaintiff and other deaf and

28  hard of hearing individuals will remain effectively excluded from Defendants video

1 sale and rental services.

2       68.     By failing to provide closed captioned videos Defendants, in violation

3 of the auxiliary aids and services provision of the ADA, 42 U.S.C.

4 § 12182(b)(2)(A)(iii), have failed to make their goods and services fully accessible

5 to Plaintiff and other deaf and hard of hearing individuals.

6       69.     Defendants' conduct constitutes an ongoing and continuous violation of

7 the law.  Defendants have failed to take any prompt and equitable steps to remedy

8 their discriminatory conduct.  Unless restrained from doing so, Defendants will

9 continue to so violate the law.  Defendants' conduct has caused, and will continue to

10 cause, Plaintiff and members of the putative class injury.  Plaintiff and members of

11 the putative class have no adequate remedy at law for the injuries they suffer and

12 will continue to suffer. Thus, Plaintiff and the members of the putative class are

13 entitled to injunctive relief.

14       70.     Pursuant to 42 U.S.C. §§ 2000a-3 and 12188 and the remedies,

15 procedures, rights set forth and incorporated therein, Plaintiff and members of the

16 putative class request relief as set forth below.

17                        **SECOND CAUSE OF ACTION**

18              **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

19       **(On Behalf of Plaintiff and the California Disabled Person Subclass**

20                               **Against all Defendants)**

21       71.     Plaintiff hereby incorporates by reference each and every one of the

22 allegations contained in the preceding paragraphs as if the same were fully set forth

23 herein.

24       72.     The California Unruh Civil Rights Act, California Civil Code §§ 51, *et*

25 *seq.*, guarantees equal access for people with disabilities to the accommodations,

26 advantages, facilities, privileges, and services of all business establishments of any

27 kind whatsoever. Defendants are systematically violating the Unruh Civil Rights

28 Act.

23

73.     Defendant Redbox's system of offering DVD rentals to the public through its system of kiosks at thousands of locations throughout California is a "business establishment" within the meaning of the Unruh Civil Rights Act. Redbox generates hundreds of millions of dollars in revenue from the rental of goods at its kiosks throughout California. Because Defendant Redbox provides captions on only a limited number of DVDs, the goods, services, advantages, accommodations, facilities, and privileges accorded to other persons by Defendant Redbox are not fully and equally available to deaf and hard of hearing individuals in violation of the Unruh Civil Rights Act.

74.     Defendant Verizon's system of offering live streaming video content through the internet is a "business establishment" within the meaning of the Unruh Civil Rights Act. See *National Federation of Blind v. Target Corp.*, 582 F.Supp.2d 1185 (N.D. Cal. 2007) (Unruh Civil Rights Act and California Disabled Persons Act applied to retailer's website as a business establishment and accommodation, advantage, facility, and privilege of a place of public accommodation.). Because Defendant Verizon provides captions on only a limited number of its Redbox Instant titles, the goods, services, advantages, accommodations, facilities, and privileges accorded to other persons by Defendant Verizon are not fully and equally available to deaf and hard of hearing individuals in violation of the Unruh Civil Rights Act.

75.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, have engaged in intentional discrimination, including but not limited to:

> a.  designing, constructing, implementing and maintaining policies, practices, procedures and barriers that discriminate against Plaintiff and the other members of the putative class with knowledge of such discrimination; and/or

24

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

b. designing, constructing, implementing and maintaining policies, practices, procedures and barriers that are sufficiently intuitive and/or obvious as to constitute intentional conduct; and/or

c. failing to act in the face of the substantial likelihood of harm to Plaintiff's and the other putative class members' rights protected under federal and state law.

76.     Defendants are additionally violating California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. §§ 12101, *et seq.*, as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

77.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiff and members of the putative class are entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the putative class will continue to suffer irreparable harm.

78.     Plaintiff and members of the putative class are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

79.     Pursuant to California Civil Code § 52 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff and the other members of the putative class also request relief as described below.

/ / /

/ / /

/ / /

/ / /

/ / /

25

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

### THIRD CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

**(On Behalf of Plaintiff and the California Disabled Person Subclass,**

**Against all Defendants)**

80.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

81.     The California Disabled Persons Act, California Civil Code §§ 54-54.3, guarantees full and equal access for people with disabilities to all accommodations, advantages, facilities, and privileges of "all places of public accommodation" and "other places to which the general public is invited."

82.     Redbox's DVD rental kiosks throughout California constitute "places of public accommodation" or "other places to which the general public is invited." Because Defendant Redbox provides captions on only a limited number of its DVDs, the advantages, facilities, and privileges accorded to other persons by Defendant Redbox are not fully and equally available to deaf and hard of hearing individuals.

83.     Defendant Verizon's live streaming video website constitutes a "place[] of public accommodation" or "other place[] to which the general public is invited." See *National Federation of Blind v. Target Corp.*, 582 F.Supp.2d 1185 (N.D. Cal. 2007) (finding Unruh Civil Rights Act and California Disabled Persons Act applied to retailer's website as a business establishment and accommodation, advantage, facility, and privilege of a place of public accommodation.). Because Defendant Verizon provides captions on only a limited number of its Redbox Instant titles, the advantages, facilities, and privileges accorded to other persons by Defendant Verizon are not fully and equally available to deaf and hard of hearing individuals.

84.     Defendants are also violating California Civil Code §§ 54-54.3, in that their actions are a violation of the ADA. Any violation of the ADA is also a violation of California Civil Code § 54.1.

26

85.   As a result of Defendants' wrongful conduct, Plaintiff and members of the putative class are entitled to statutory minimum damages under California Civil Code §§ 54.3 and 55 for each offense.

86.   Pursuant to California Civil Code §§ 54.3 and 55 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff and the other members of the putative class also request relief as described below.

## FOURTH CAUSE OF ACTION

### CALIFORNIA CONSUMER LEGAL REMEDIES ACT

**(On Behalf of Plaintiff and the California False Advertising Class,**

**Against all Defendants)**

87.   Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

88.   The California Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*, was designed and enacted "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."   California Civil Code §1760. The CLRA should be liberally construed and applied to promote theses underlying purposes. *Id.*

89.   Defendant Redbox's DVDs and Defendant Verizon's streaming movies are "goods" as defined by the CLRA, California Civil Code § 1761(a).

90.   Plaintiff and members of the putative class are "consumers" as defined by the CLRA, California Civil Code § 1761(d).

91.   Defendants' conduct as alleged herein constitutes a "transaction" within the meaning of the CLRA, California Civil Code §1761(e).

92.   Defendants have engaged in unfair and deceptive practices to the detriment of Plaintiff and members of the putative class.  Plaintiff and members of the putative class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants as alleged in this Complaint.

27

93.     Defendants have violated and continue to violate, the CLRA in the following respects, among others:

      a.   In violation of California Civil Code § 1770(a)(2), Defendants have misrepresented the certification of their DVD and video streaming content as closed captioned;

      b.   In violation of California Civil Code § 1770(a)(5), Defendants have represented that their DVD and video streaming content have characteristics, uses and benefits they do not have;

      c.   In violation of California Civil Code § 1770(a)(7), Defendants have represented that their DVD and video streaming content are of a particular standard or particular style when they are not; and

      d.   In violation of California Civil Code § 1770(a)(9), Defendants have advertised their DVD and video streaming content with an intent not to sell them as advertised.

94.     Defendants' conduct constitutes intentional misrepresentation, deceit, and concealment of a material fact known to Defendants with the intention of thereby depriving Plaintiff and members of the Classes of property or otherwise causing injury.

95.     Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, other consumers will be damaged by their acts and practices in the same way as Plaintiff and members of the putative class have.

96.     Plaintiff and members of the putative class further request this Court to enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged, pursuant to California Civil Code § 1780(a)(2).

97.     Pursuant to California Civil Code §1782, Plaintiff gave Defendants notice by letters dated September 5, 2013, by certified mail of the particular violations of Civil Code § 1770.   The notice requested that Defendants take appropriate actions to remedy the violations of the CLRA alleged in this complaint

1  and give notice to all affected consumers of Defendants' intent to so act.

2  Accordingly, Plaintiff and members of the putative class seek damages for such

3  deceptive practices pursuant to California Civil Code § 1782 and restitution pursuant

4  to Civil Code § 1780(a)(3).

5       98.    Defendants' conduct was willful, fraudulent, oppressive and done in

6  wanton disregard for the rights of Plaintiff and members of the putative class.

7  Plaintiff and the putative class should therefore be awarded punitive damages against

8  Defendants, and each of them, in an amount to be established that is appropriate to

9  punish Defendants and deter others from engaging in such conduct.

10       99.    Because Defendants knew that their conduct was directed at deaf and

11  hard of hearing individuals and have thus caused those individuals, including

12  Plaintiff members of the putative class, substantial damage, Plaintiff and members of

13  the putative class seek additional relief as disabled persons pursuant to California

14  Civil Code § 1780(b).

15       100.   Plaintiff and members of the putative class also request the Court to

16  award them their costs and reasonable attorney's fees pursuant to Civil Code

17  § 1780(e).

18       101.   Plaintiff and the other members of the putative class also request relief

19  as described below.

20       **FIFTH CAUSE OF ACTION**

21  **VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW**

22  **(On Behalf of Plaintiff and the California False Advertising Class,**

23  **Against all Defendants)**

24       102.   Plaintiff hereby incorporates by reference each and every one of the

25  allegations contained in the preceding paragraphs as if the same were fully set forth

26  herein.

27       103.   The California False Advertising Law, California Business &

28  Professions Code §17500, *et seq.*, prohibits the dissemination of false or misleading

29

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

1  statements in connection with advertising.

2    104.  Defendants' conduct, misrepresentations and false statements of
3  material facts alleged in this Complaint constitute false advertising in violation of
4  California Business & Professions Code §17500, *et seq.*

5    105.  At all times relevant hereto, Defendants' advertising regarding the
6  closed captioning and/or subtitling of their DVD and online video streaming content
7  was untrue, misleading and likely to deceive the public and/or has deceived the
8  Plaintiff and consumers.

9    106.  In making and disseminating the misrepresentations and false
10  statements alleged herein, Defendants knew or should have known that the
11  statements were untrue or misleading.

12    107.  Defendants engaged in the false and/or misleading advertising,
13  marketing and labeling alleged herein with intent to directly or indirectly induce and
14  deceive deaf and hard of hearing individuals into purchasing or renting their DVDs
15  and online video streaming content.

16    108.  As alleged in this Complaint, a result of Defendants' misrepresentations
17  and false statements, Plaintiff and members of the Class rented or purchased a
18  product or service that they otherwise would not have rented or purchased.  Thus,
19  Plaintiff and members of the class did not receive what they paid for, and Plaintiff
20  and the members of the class have suffered an injury in fact as a result of
21  Defendants' misrepresentations and false statements.

22    109.  Through these acts, Defendants have been able to reap unjust revenue
23  and profit, and have unfairly acquired money from Plaintiff and the members of the
24  class.  Plaintiff requests that this Court restore this money, with interest, and enjoin
25  Defendants from continuing to violate California Business & Professions Code
26  §§ 17500, *et seq.*

27    110.  Unless restrained and enjoined, Defendants will continue to engage in
28  the conduct alleged in this Complaint.  Accordingly, injunctive relief is appropriate.

30

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

111.   Plaintiff and members of the class seek an order requiring Defendants to undertake a public information campaign to inform members of the class of its prior acts or practices.

112.   Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants under California Code of Civil Procedure, Section 1021.5 and other applicable law in part because:

     a.  a successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of representations made concerning Defendants' goods and services;

     b.  this action will result in a significant benefit to consumers or a large class of persons by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

     c.  unless this action is prosecuted, members of a large class of persons will not recover those monies, and many consumers would not be aware that they were victimized by Defendants' wrongful acts and practices;

     d.  unless this action is prosecuted, Defendants will continue to mislead consumers; and

     e.  an award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to each member of the Class, and consumers in general.

113.   Plaintiff and the other members of the putative class also request relief as described below.

/ / /

/ / /

/ / /

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

**(On Behalf of Plaintiff and the California Unfair Competition Law Class,**

**Against all Defendants)**

114.   Plaintiff hereby incorporates reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

115.   The California Unfair Competition Law ("UCL") prohibits "unfair competition," which is defined by Business and Professions Code, Section 17200 as including "any unlawful, unfair or fraudulent business act or practice . . . ."

116.   Because it contains no express intent, knowledge, or negligence requirement, the UCL "imposes strict liability." *Searle v. Wyndham International, Inc.*, 102 Cal.App.4th 1327, 1333 (2002); *see also, Community Assisting Recovery, Inc. v. Aegis Security Insurance Co.*, 92 Cal.App.4th 886 (2001); *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal.App.4th 861, 877 (1999). Nor is it a "'necessary to show that the defendant intended to injure anyone.' [Citation.]" *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 520 (1997).

117.   The unlawful prong of Section 17200 "embrac[es] anything that can properly be called a business practice and that at the same time is forbidden by law." *Rubin v. Green*, 4 Cal.4th 1187, 1200 (1993) (internal quotation marks omitted). It "borrows violations of other laws and treats them as independently actionable." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 837 (2006).

118.   The unfair prong of Section 17200 "provides an independent basis for relief." *Smith v. State Farm Mutual Automobile Insurance Co.*, 93 Cal.App.4th 700, 718 (2001).   "It is not necessary," therefore, "for a business practice to be 'unlawful' in order to be subject to an action under the unfair competition law." *Id.* "In general the 'unfairness' prong 'has been used to enjoin deceptive or sharp practices. . . .' [Citation.]" *South Bay Chevrolet v. General Motors Acceptance*

32

1   *Corp.*, 72 Cal.App.4th 861, 887 (1999).

2       119.   The fraudulent prong of section 17200 "affords protection against the

3   probability or likelihood as well as the actuality of deception or confusion." *Payne*

4   *v. United California Bank,* 23 Cal.App.3d 850, 856 (1972).   The test is whether

5   "'members of the public are likely to be deceived.' [Citation.]" *In re Tobacco II*

6   *Cases,* 46 Cal.4th 298, 312 (2009).   As the California Supreme Court has explained,

7   "our concern with thwarting unfair trade practices has been such that we have

8   consistently condemned not only those alleged unfair practices which have in fact

9   deceived the victims, but also those which are likely to deceive them." *Fletcher v.*

10  *Security Pacific National Bank,* 23 Cal.3d 442, 451 (1979).

11      120.   Within four year preceding the filing of this complaint, Defendants

12  engaged in the following unlawful, unfair and fraudulent business acts and practices,

13  among others:

14          a.  Denying deaf and hard of hearing individuals, on the basis of their

15              disability, full and equal enjoyment of Defendants' goods, services,

16              facilities, privileges, advantages, or accommodations in violation of

17              the ADA, 42 U.S.C. §§ 12101 *et seq.*;

18          b.  Denying deaf and hard of hearing individuals, on the basis of their

19              disability, equal access to the accommodations, advantages,

20              facilities, privileges, and services of Defendants' business

21              establishments in violation of the California Unruh Civil Rights Act,

22              California Civil Code §§ 51, *et seq.*;

23          c.  Denying deaf and hard of hearing individuals, on the basis of their

24              disability, equal access to the accommodations, advantages, facilities

25              and privileges of Defendants' places of public accommodation in

26              violation of the California Disabled Persons Act, California Civil

27              Code §§ 54-54.3;

28          d.  Engaging in unfair and deceptive business practices in violation of

33

the California Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*;

e. Engaging in the false and misleading advertising, marketing and labeling of their DVD and video streaming services and content in violation of the California False and Misleading Advertising Law, California Business & Professions Code §17500, *et seq.*;

f. Failing to comply with Federal Communication Commission ("FCC") rules and regulations promulgated under the Twenty-First Century Communications and Video Accessibility Act of 2010;

g. Providing to deaf and hard of hearing individuals goods and services that were not as effective as those provided to others;

h. Creating barriers to full integration, independent living, and equal opportunity for persons with disabilities;

i. Increasing the sense of isolation and stigma that the ADA was meant to redress;

j. Knowingly advertising and labeling their DVD and video streaming content as closed captioned when in fact they were not such that deaf and hard of hearing consumers were in fact and/or likely to be deceived; and

k. Failing to remove the false and misleading statements their DVD and video streaming content as closed captioned.

121.  Defendants, through their acts of unfair competition, have been able to reap unjust revenue and profit, and have unfairly acquired money from Plaintiff and the members of the class. As a direct and proximate result of Defendants' unlawful business acts and practices, Plaintiff and members of the class have suffered economic and other injuries.

122.  Unless restrained and enjoined, Defendants will continue to engage in the conduct alleged in this Complaint. Accordingly, pursuant to California Business

34

& Professions Code § 17203, injunctive relief is appropriate and Plaintiff and members of the class seek a Court order enjoining Defendants from continuing to engage in the unlawful, unfair and fraudulent business practices complained of herein.

123.   Plaintiff and members of the class seek, pursuant to California Business & Professions Code § 17203, full restitution on account of the economic injuries they have suffered to restore any and all monies acquired by Defendants by means of the unlawful, unfair and fraudulent business practices complained of herein.

124.   Plaintiff and the Class Members seek appointment of a receiver, as necessary, to oversee said restitution.

125.   Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action against Defendants under California Code of Civil Procedure, Section 1021.5 and other applicable law in part because:

    a.  a successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of representations made concerning Defendants' goods and services;

    b.  this action will result in a significant benefit to consumers or a large class of persons by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

    c.  unless this action is prosecuted, members of a large class of persons will not recover those monies, and many consumers would not be aware that they were victimized by Defendants' wrongful acts and practices;

    d.  unless this action is prosecuted, Defendants will continue to mislead consumers; and

35

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

1    e. an award of attorneys' fees and costs is necessary for the prosecution
2        of this action and will result in a benefit to each member of the
3        Class, and consumers in general.

4    126.    Plaintiff and the other members of the putative class also request relief
5    as described below.

6                              **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff prays as follows:

8    a.  That this Court assume jurisdiction;

9    b.  That this Court certify the classes and sub-classes identified herein;

10   c.  That this Court certify Plaintiff Jancik as a representative of the classes
11       and sub-classes identified herein;

12   d.  That this Court declare Defendant to be in violation of Title III of the
13       Americans with Disability Act, 42 U.S.C. §§ 12181, et seq., the Unruh
14       Civil Rights Act, Cal. Civ. Code §51, et. seq., and the California
15       Disabled Persons Act, Cal. Civ. Code, § 54, et. seq.;

16   e.  That this Court issue an injunction ordering Defendant to comply with
17       the statutes set forth herein;

18   f.  That this Court award minimum statutory damages, defined as $4,000
19       per incident of discrimination under the Unruh and $1,000 per incident
20       under the CDPA, to Plaintiff and members of the proposed class for
21       violations of their civil rights under state law;

22   g.  That this Court award actual damages in an amount to be determined at
23       trial;

24   h.  That this Court award general damages in an amount to be determined
25       at trial;

26   i.  That this Court award punitive damages in an amount to be determined
27       at trial;

28   j.  That this Court award  interest on these sums at the legal rate from the

                                    36

                          **SECOND AMENDED COMPLAINT**
                          **Case No. SACV13-01387-DOC(RNBx)**

1   date of each unlawful collection of funds paid to Defendants by
2   Plaintiff and others similarly situated;

3   k.  That this Court award reasonable attorneys' fees and costs pursuant to
4   federal and state law;

5   l.  That this Court award such other and further relief as the Court may
6   deem necessary or appropriate.

7

8   DATED: December 24, 2013            **MARLIN & SALTZMAN, LLP**

9

10  By: _____

11      Stanley D. Saltzman, Esq.
        Christina A. Humphrey, Esq.
12      Leslie H. Joyner, Esq.
13      Attorneys for Plaintiff

14

15

16

17

18              **DEMAND FOR JURY TRIAL**

19      Plaintiff hereby demands trial of Plaintiff's and the putative class' claims by
20  jury to the extent authorized by law.

21

22  DATED: December 24, 2013            **MARLIN & SALTZMAN, LLP**

23

24  By: _____

25      Stanley D. Saltzman, Esq.
        Christina A. Humphrey, Esq.
26      Leslie H. Joyner, Esq.
27      Attorneys for Plaintiff

28

37

**SECOND AMENDED COMPLAINT**
**Case No. SACV13-01387-DOC(RNBx)**

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 29229 Canwood Street, Suite 208, Agoura Hills, California 91301-1555.

On January 13, 2014, I served the foregoing document described as **SECOND AMENDED COMPLAINT** on all interested parties in said action:

[X]  (VIA US MAIL) I caused such envelope(s) to be deposited in the mail at Agoura Hills, California with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (VIA FEDERAL EXPRESS) I caused to have served such document(s) by depositing them in the drop box at Agoura Hills, California, for priority overnight next day delivery.

[ ]  (VIA FACSIMILE) I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]  (VIA PERSONAL SERVICE) I delivered such envelope(s) by hand to the offices of the addressee.

[ ]  (VIA E-MAIL) I caused to have such documents sent by electronic service [Fed. Rule Civ. Proc. Rule 5(b)(2)(a)] by electronically mailing a true and correct copy through Marlin & Saltzman's electronic mail system to the e-mail address(s) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 13, 2014, at Agoura Hills, California.

_Sandy Laranjo_
Sandy Laranjo

SECOND AMENDED COMPLAINT
Case No. SACV13-01387-DOC(RNBx)

*Jancik, et al. v. Redbox, et al.*
## CASE NO. SACV13-01387-DOC (RNBx)

**Service List**

| | |
|---|---|
| David F. McDowell, Esq.<br>Jacob M. Harper, Esq.<br>Jeremiah M. Levine, Esq.<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA   90017-3543<br>Telephone:   (213) 892-5200<br>Facsimile:    (213) 892-5454<br>DMcDowell@mofo.com<br>JacobHarper@mofo.com<br>JLevine@mofo.com | Attorney for Defendant  VERIZON AND REDBOX DIGITAL ENTERTAINMENT SERVICES, LLC |
| Timothy L. Alger, Esq.<br>Julie E. Schwartz, Esq.<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA  94304<br>Telephone:   (650) 838-4300<br>Facsimile:    (650) 838-4350<br>TAlger@perkinscoie.com<br>JSchwartz@perkinscoie.com | Attorney for Defendant REDBOX AUTOMATED RETAIL, LLC |

**SECOND AMENDED COMPLAINT**
Case No. SACV13-01387-DOC(RNBx)